|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23-CR-0549-LL |
| --- | --- |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| DARRELL DAVIS, | |
| Defendant. | |

WHEREAS, in the Superseding Information the United States sought forfeiture of all right, title and interest in properties of Defendant DARRELL DAVIS ("Defendant"), pursuant to Title 18, United States Code, Sections 1594(e) and 2428(b) as properties constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offenses and any property traceable to such property; and any and all property used or intended to be used in any manner or part to commit and facilitate the commission of the violations of Title 18, United States Code, Sections 1591(a) and (b)(1), 2421(a), and 1594(c), as set forth in Counts 1, 2 and 4 of the Superseding Information; and pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) as all firearms and ammunition involved in the commission of the violation of Title 18, United States Code, Section 922(g)(1) as set forth in Count 3 of the Superseding Information; and

WHEREAS, on or about September 11, 2025, Defendant pled guilty before Magistrate Judge Michelle M. Pettit to Count 4 of the Superseding Information, charging the defendant with Conspiracy to Commit Sex Trafficking through Force, Fraud, or Coercion in violation of Title 18, United States Code, Section 1594(c) and consented to the forfeiture allegations of the Superseding Information, and agreed pursuant to Title 18, United States Code, Sections 1594(d) to forfeit all properties seized in connection with this case including but not limited to the following:

    a.    12 rounds of Winchester 9mm ammunition;

    b.    $2,692 U.S. Currency;

    c.    A 3D printed G-19 pistol;

    d.    A G-19 magazine; and

    e.    One Apple iPhone with a red, white and black case.

WHEREAS, on October 7, 2025, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to Title 18, United States Code, Section 1594(d) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant to Count 4 of the Superseding Information, the United States is hereby authorized to take custody and control of the following properties, and all right, title and interest of Defendant DARRELL DAVIS in the following properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 1594(d) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a. 12 rounds of Winchester 9mm ammunition;

    b. $2,692 U.S. Currency;

    c. A 3D printed G-19 pistol;

    d. A G-19 magazine; and

    e. One Apple iPhone with a red, white and black case.

2. The aforementioned forfeited assets are to be held by the United States Customs and Border Protection in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or

claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 11/24/2025

Honorable Linda Lopez
United States District Judge